**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APARTMENT ASSOCIATION OF
GREATER LOS ANGELES, in its
representative capacity on behalf of its
association members; ORIT BLAU,

    Plaintiffs-Appellants,

 v.

CITY OF BEVERLY HILLS, a municipal
corporation,

    Defendant-Appellee.

No.    19-55955

D.C. No.
2:18-cv-06840-PSG-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted June 15, 2022
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

Apartment Association of Greater Los Angeles (AAGLA) appeals the district court's dismissal of its second amended complaint brought pursuant to 42 U.S.C. § 1983. The complaint alleged that a rent stabilization ordinance adopted by the City of Beverly Hills (City) requiring owners of rent-stabilized apartments to disclose information concerning their tenants and units violated the owners' rights under the Fourth, Fifth, and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.

1.      The district court properly dismissed AAGLA's Fourth Amendment claim. "Even if the Fourth Amendment is implicated by certain non-physical intrusions, in that context the plaintiff must have a reasonable expectation of privacy in the contents of the documents before the government's conduct can be deemed a Fourth Amendment search. . . ." *Hotop v. City of San Jose*, 982 F.3d 710, 714 (9th Cir. 2020) (internal quotation marks omitted). AAGLA "fail[ed] to allege facts plausibly suggesting that [apartment owners] have a reasonable expectation of privacy in the information that must be disclosed" pursuant to the ordinance. *Id.* at 715.

2.      The district court also correctly dismissed AAGLA's claims that the information disclosure requirements and payment of relocation fees to tenants constitute *per se* takings under the Fifth Amendment. *See id.* at 716 (holding that

2

disclosure requirements imposed by rent stabilization ordinance did "not work any type of per se taking, for example by a physical invasion or by depriving the property owner of all beneficial use of the property") (citations omitted); *see also Ballinger v. City of Oakland*, 24 F.4th 1287, 1292-93 (9th Cir. 2022) (concluding that the imposition of relocation fees did not result in a *per se* taking or unconstitutional exaction because "legislative enactments regulating the economic relations of landlord and tenants are not *per se* takings") (citation and internal quotation marks omitted).

3.      The district court properly dismissed AAGLA's substantive due process claim. AAGLA failed to plausibly allege that the ordinance's disclosure requirements were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (citation omitted). Contrary to AAGLA's conclusory assertions, the City reasonably passed the ordinance in order to address the shortage of available housing. *See id.* (explaining that "[t]he City's procedures . . . are presumed valid, and this presumption is overcome only by a clear showing of arbitrariness and irrationality") (citation and internal quotation marks omitted).

In addition, apartment owners are not injured due to infringement of "their tenants' privacy rights," and AAGLA failed to plausibly allege "any harm to [landlords'] own liberty or property interests" from disclosure of information concerning their tenants and rent-stabilized units. *Hotop*, 982 F.3d at 718.

4.      AAGLA failed to plausibly allege a violation of its procedural due process rights. "The relevant inquiry is . . . whether the [municipal] procedure itself is incapable of affording due process. . . ." *Recchia v. City of Los Angeles Dep't of Animal Servs*., 889 F.3d 553, 561 (9th Cir. 2018) (citation and alteration omitted). The municipal code provides "an administrative remedy for any violation of [the] code," and AAGLA did not plausibly allege that it was otherwise incapable of challenging the disclosure requirements. City of Beverly Hills Municipal Code § 1-3-301 (2019).

5.      Finally, AAGLA failed to plausibly allege a viable equal protection claim under the Fourteenth Amendment. "Where a regulation or statute affects only economic interests, as here, the state is free to create any classification scheme that does not invidiously discriminate." *San Francisco Taxi Coal. v. City & Cnty. of San Francisco*, 979 F.3d 1220, 1224 (9th Cir. 2020) (citation, alteration, and internal quotation marks omitted). "We must uphold the law if there are plausible, arguable, or conceivable reasons which may have been the basis for the

distinction." *Id.* (citation and internal quotation marks omitted). In passing the ordinance, the City determined that there was "a shortage of affordable housing that [was] available to all segments of the community both within the County of Los Angeles and specifically within the City of Beverly Hills." It is certainly conceivable that the disclosure requirements for apartment owners of rent-stabilized units rationally advance a legitimate interest in confirming that landlords are in compliance with the ordinance's mandates aimed at ensuring available and affordable housing. *See Hotop*, 982 F.3d at 717 (concluding that rental distinctions revealed in disclosure requirements imposed by rent stabilization ordinance "easily . . . survive[d] rational basis review").[1]

**AFFIRMED.**

---

[1] Because AAGLA failed to plausibly allege that the disclosure requirements and relocation fees violated any constitutional right, the unconstitutional conditions doctrine does not apply. *See Hotop*, 982 F.3d at 718-19.

5